# IN THE UNITED STATE DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE DUGABOY INVESTMENT TRUST,<br><br>*Plaintiff*,<br><br>v.<br><br>HIGHLAND SELECT EQUITY MASTER FUND, L.P. AND HIGHLAND SELECT EQUITY FUND GP, L.P.,<br><br>*Defendants*. | Case No. _____<br><br><br>**ORIGINAL COMPLAINT** |

This case is simple. Plaintiff The Dugaboy Investment Trust ("Dugaboy") lent Defendant Highland Select Equity Master Fund, L.P. ("Select Fund") over 3 million shares of common stock of NexPoint Credit Strategies Fund (NYSE: NHF). Select Fund has refused to return 474,213 of these shares to Plaintiff, despite its obligation to do so.

Plaintiff brings this suit against Select Fund and its general partner Highland Select Equity Fund GP, L.P. ("Select GP") to seek recovery of these shares.

## I.

## PARTIES

1. Plaintiff The Dugaboy Investment Trust is a grantor trust formed under the laws of Delaware.

2. Defendant Highland Select Equity Master Fund, L.P. is a Bermuda limited partnership. Select Fund's legal address is 31 Victoria Street, Victoria Place, Hamilton BM HM 10. It can be served via service on its general partner, Highland Select Equity Fund GP, L.P.

3. Defendant Highland Select Equity Fund GP, L.P. is a limited partnership formed under the laws of the State of Delaware. Select GP can be served by serving its registered agent

1

The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## II.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1334 because this case is related to a bankruptcy matter, *In re Highland Capital Management, L.P.*, Case No. 19-24054-sgj11, United States Bankruptcy Cout for the Northern District of Texas, Dallas Division, and under 28 U.S.C.   because the parties are citizens of different states.

5. The Court has personal jurisdiction over the parties because the parties contractually consented to personal jurisdiction in New York.

6. Venue is appropriate in this District, pursuant to 28 U.S.C. § 1391(b)(2), because the property that is the subject of this lawsuit is located in this District and because the parties contractually consented to venue in this district.

## III.

## BACKGROUND ALLEGATIONS

7. On October 14, 2014, Dugaboy and Select Fund entered into an initial Master Securities Loan Agreement ("2014 Loan Agreement"), pursuant to which Dugaboy loaned 2,015,000 shares of NHF common stock to Select Fund. *See* Exhibit 1.

8. The shares were delivered directly to Select Fund's prime brokerage account with Jefferies, LLC ("Jefferies").

9. On March 10, 2015, Dugaboy and Select Fund entered into a second Master Securities Loan Agreement ("2015 Loan Agreement") under which Dugaboy loaned to Select Fund an additional 1,290,000 shares of NHF common stock. *See* Exhibit 2. Again, the shares were delivered directly to Select Fund's prime brokerage account with Jefferies, LLC.

10. Select borrowed money from Jefferies using the loaned securities as collateral.

11. On or about July 23, 2019, Dugaboy and Select Fund entered into a Termination of Loan agreement ("Termination"), under which Dugaboy and Select Fund agreed to terminate in full the 2015 Loan Agreement and to partially terminate the 2014 Loan Agreement, such that 474,213 NHF shares remained outstanding (the "Outstanding Shares").

12. In early 2020, Jeffries made numerous margin calls on Select Fund and ultimately seized control of Select Fund's prime brokerage account, liquidating virtually all of the assets in the account to satisfy the balance of the margin loan.

13. This constituted an event of default under the 2014 Loan Agreement.

14. Dugaboy has requested Select Fund and Select GP to return the Outstanding Shares, but to date, Defendants have failed to do so. Dugaboy filed a motion with the bankruptcy court, pursuant to the bankruptcy court's gatekeeping order, for leave to bring this suit. The bankruptcy court granted leave. *See* Exhibit 3.

## IV.
## CAUSES OF ACTION

### Count 1
*Breach of Contract*

15. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully stated herein.

16. Plaintiff substantially performed all of its obligations under the 2014 Loan Agreement.

17. Under the 2014 Loan Agreement, "either party may terminate a Loan on a termination date established by notice given to the other party prior to the Close of Business on a

Business Day….Unless otherwise agreed, Borrower shall, on or before the Cutoff Time on the termination date of a Loan, transfer the Loaned Securities to Lender….".

18. Plaintiff notified Defendants that the 2014 Loan Agreement was terminated.

19. To date, the Outstanding Shares have not been returned to Plaintiff.

20. Defendants breached their obligation to return the Outstanding Shares to Plaintiff.

21. As the general partner of Defendant Select Fund, Defendant Select GP is liable for any and all debts owed by Select Fund, including those owed under the 2014 Loan Agreement with Dugaboy.

22. As a proximate result of Defendants' breach of the 2014 Loan Agreement, Plaintiff has been injured in an amount to be proven at trial.

## COUNT 2
*Specific Performance*

23. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully stated herein.

24. Plaintiff substantially performed all of its obligations under the 2014 Loan Agreement and is willing and able to perform any remaining obligations.

25. Defendants were obligated to convey the Outstanding Shares to Plaintiff under the 2014 Loan Agreement.

26. On information and belief, Defendants were capable of conveying the Outstanding Shares, but failed to do so.

27. Plaintiff has no adequate remedy at law.

## V.

## JURY DEMAND

28. Plaintiff hereby demands trial by jury.

## VI.

## **REQUEST FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

a) awarding Plaintiff ownership, possession, and control of the Outstanding Shares;

b) awarding Plaintiff damages against Defendants in an amount to be determined at trial;

c) awarding Plaintiff its fees and costs as allowed by law and/or under contract; and

d) awarding Plaintiff such further relief as the Court deems just and proper.

Dated: February 27, 2023                                SBAITI & COMPANY PLLC

*/s/ Mazin A. Sbaiti*
Mazin A. Sbaiti
New York Bar No. 4339057
2200 Ross Avenue, Suite 4900W
Dallas, TX 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com

**Counsel for Plaintiffs**